**Tao Group Operating LLC v Roman**

2025 NY Slip Op 30019(U)

January 6, 2025

Supreme Court, New York County

Docket Number: Index No. 155374/2024

Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **Hon. James d'Auguste**                    PART 55

                                            *Justice*

-----------------------------------------------------------------X

TAO GROUP OPERATING LLC,

                          Plaintiff,

              - v -

ARIEL ROMAN,

                    Defendant.

-----------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 155374/2024 |
| MOTION DATE | |
| MOTION SEQ. NO. | 002 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 38, 40

were read on this motion to/for        VACATE - DECISION/ORDER/JUDGMENT/AWARD.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87

were read on this motion to/for               DISMISS           .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, **88**

were read on this motion to/for            SUMMARY JUDGMENT     .

Motion Sequence Nos. 002, 003, and 004 are hereby consolidated for disposition.

In Motion Sequence No. 002, defendant Ariel Roman ("Roman") seeks various forms of relief, including the transfer, pursuant to CPLR 325(d), of this action to the Civil Court of the City of New York, the sealing of court documents, and a directive that plaintiff TAO Group Operating LLC ("TAO") cooperate with the District Attorney Offices in New York County and Kings County. The motion is granted to the extent of sealing from public access any documents filed in this action containing Roman's address and otherwise denied.

In Motion Sequence No. 003, TAO seeks, pursuant to CPLR 3211, dismissal of Roman's counterclaims for defamation and conversion. The motion is granted.

155374/2024   TAO GROUP OPERATING LLC vs. ROMAN, ARIEL          **Page 1 of 6**
Motion No. 002 003 004

[* 1]

In Motion Sequence No. 004, TAO seeks, pursuant to CPLR 3212, summary judgment on its claims against Roman, who did not submit written opposition to this motion. Despite the motion being on default, the motion is granted solely to the extent set forth below.

A brief procedural history of this litigation is as follows. On June 11, 2024, TAO filed this action seeking monetary and injunctive relief against Roman (NYSCEF Doc. No. 1). On June 12, 2024, TAO sought an order to show cause (Motion Sequence No. 001) requesting the issuance of a preliminary injunction (NYSCEF Doc. No. 2). On June 14, 2024, the Court signed the proposed order show cause, which contained a return date of June 26, 2024 (NYSCEF Doc. No. 12). As Roman did not submit opposition to the order to show cause, the Court granted the preliminary injunction (NYSCEF Doc. No. 16). On July 24, 2024, Roman filed her answer with counterclaims (NYSCEF Doc. No. 20). On September 12, 2024, TAO moved for an order dismissing Roman's counterclaims (NYSCEF Doc. Nos. 41-53), which Roman opposed (NYSCEF Doc. Nos. 73-86). On September 13, 2024, TAO moved for an order granting it summary judgment on its claims (NYSCEF Doc. Nos. 54-71), which Roman did not oppose. This decision and order resolve all outstanding issues in this litigation.

As an initial matter, Motion Sequence No. 002 has already been resolved to the extent that this Court issued a sealing order with the following directive:

> To maintain the confidentiality of the pro se defendant's address and phone number, except to the attorneys of record, the pro se defendant, and authorized Court personnel, the Clerk is directed to seal the following documents within this file: 1, 4, 10, 11, 13, 17-19, 20-25, 28, 29, and 35. The parties are directed that any further documents filed onto the docket in this matter are to be done so with redactions of the defendant's address and phone number.

> The Court has determined that the party's specific private interest to confidentiality outweighs any general public interest in accessing the aforementioned documents.

155374/2024   TAO GROUP OPERATING LLC vs. ROMAN, ARIEL
Motion No. 002 003 004

Page 2 of 6

[* 2]

(NYSCEF Doc. No. 37). The Court abides by this earlier determination and continues to seal any documents containing Roman's address and phone number. Further, TAO is directed to refrain from filing any new documents containing Roman's address or phone number. The remainder of Roman's application is denied. New York Criminal Procedure Law 610.20 provides the Manhattan and Brooklyn District Attorneys with the ability to subpoena evidence and testimony relevant to a criminal matter. Additionally, while the Court agrees that TAO's monetary damage suffered by TAO due to her actions is minimal, the action must remain in Supreme Court because lower Civil Court lacks the equitable powers to grant the permanent injunction sought in this litigation.

Motion Sequence No. 003 is granted as Roman has failed to state a viable counterclaim sounding in either defamation or conversation. On the issue of defamation, Roman asserts three potential bases of recovery: (1) a June 29, 2023, Be on the Lookout For ("BOLO") notice; (2) a New York Post article about TAO's claims in this litigation; and (3) online social media statements made by certain individuals.

The defamation counterclaim based on the BOLO is without merit. First, the statements contained in the BOLO are true, and therefore cannot constitute defamation. *Rinaldi v Holt, Rinehart & Winston, Inc*, 42 NY2d 269 (1979). Roman posted a threatening video to her TikTok account wherein she threatened to light an individual on fire in a night club. As with the damage caused by Roman deliberately contaminating the Koi Pond, she minimizes the legal impact of her behaviors. TAO was entitled to treat Roman's remarks as a serious threat. Moreover, TAO's statement in a BOLO issued to its own security staff is covered by a common interest privilege and therefore not actionable. *Dillon v City of New York*, 261 AD2d 34, 38 (1st Dept 1999). Accordingly, the defamation counterclaim as it relates to the BOLO is dismissed.

Roman also contends that a New York Post article is defamatory. However, TAO notes that it did not participate in the publication of the article. The New York Post makes this plain by stating in the article itself that TAO could not be reached for comment. As such, TAO cannot be held liable in defamation for the article. *Geraci v Probst*, 15 NY3d 336 (2010) (no liability for article that defendant did not induce a newspaper to publish). Further, the underlying statements made in court filings are themselves protected by an absolute privilege, which further shields TAO from any potential liability. *Hinckley v Resciniti*, 149 AD2d 276, 276-77 (1st Dept 1990). Accordingly, the defamation counterclaim as it relates to the New York Post article is dismissed.

Finally, as it relates to defamation, the three individuals Roman believes were involved in defaming her in social media posts have never been TAO employees. Nor are there any articulated facts supporting an inference that these individuals made statements about Roman at TAO's direction. In such circumstances, Roman cannot show that any of the statements are attributable to TAO, which is one of the four elements of defamation. *Dillon v City of New York*, 261 AD2d 34 (1st Dept 1999). Accordingly, the defamation counterclaim as it relates to the statements made by unaffiliated individuals is dismissed.

Next, Roman has not demonstrated a potentially meritorious counterclaim for conversion. Roman asserts that TAO security retained her driver's license and then stole her social media accounts. As it relates to this contention, police determined that TAO staff did not retain her license. Even if the police reached an erroneous conclusion about the retention of her driver's license, Roman's contention that TAO staff hacked her account is based upon nothing more than conjecture and speculation. In any event, the Court will exercise its discretion in eliminating a potential issue of fact as it relates to the alleged retention of Roman's driver's license by

155374/2024  TAO GROUP OPERATING LLC vs. ROMAN, ARIEL
Motion No. 002 003 004

Page 4 of 6

disallowing from recovery TAO's request for $1,066.25 relating to eight hours of investigative services (NYSCEF Doc. No. 70). Further, Roman has not alleged a non-speculative basis for concluding that TAO was responsible for any impediments in accessing her social media accounts, which was apparently returned to her except for accounts suspended for violating copyright laws.

It should be noted that Roman did not assert in her answer counterclaims for retaliation and desperate impact. As they were raised in Roman's opposition, they will be briefly addressed. As an initial matter, Roman has admitted that she was never subject to adverse employment action, but voluntarily separated from service. *Crookendale v NYC Health & Hosp Corp*, 175 AD3d 1132 (1st Dept 2019). Roman stated on social media that she "never got fired from TAO. You realize I found out about stuff that was going on and just ghosted them. I technically got 'fired' because I just broke the no call-no show policy, because I didn't show up, ever again. And I started working a corporate job [several] days later." Nor does Roman assert any fact supporting a contention that she was treated differently due to any identifiable protected class characteristic.

Motion Sequence No. 004 is granted without the submission of written opposition. Roman submitted written opposition to TAO's request for dismissal of her counterclaims "I make this affidavit in opposition to this motion to dismiss my counterclaims." (NYSCEF Doc. No. 73). No such submission was made in opposition to TAO's motion for summary judgment on its own claims. Even if opposition had been submitted, Roman essentially concedes that she engaged in the conduct that forms the basis of TAO's application. As such, TAO will be granted injunctive relief in the form of a five year prohibition on Roman: (1) visiting, passing, approaching, or loitering within 150 feet (50 yards) of any TAO owned, leased, or managed

155374/2024 TAO GROUP OPERATING LLC vs. ROMAN, ARIEL Page 5 of 6
Motion No. 002 003 004

5 of 6

property; and (2) having any verbal or physical contact with any employee, manager, security guard, or other personnel associated with a TAO owned, leased, or managed property. TAO is also granted a money judgment in the amount of $3,145.57, together with $411 in costs for a total money judgment in the amount of $3,556.57. The Clerk is directed to enter a judgment consistent with this decision and order in favor of TAO against Roman.

This constitutes the decision and order of this Court.

| | |
|---|---|
| __1/6/2025__ | |
| DATE | James d'Auguste, J.S.C. |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

155374/2024   TAO GROUP OPERATING LLC vs. ROMAN, ARIEL                    Page 6 of 6
Motion No.  002 003 004

6 of 6

[* 6]